UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENE SOTO                                                                              CIVIL ACTION

VERSUS                                                                                  NO: 09-5825

TRINITY FABRICATION, L.L.C., ET AL                                SECTION: "A" (4)

### Order and Reasons

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 14)** filed by Defendant, Trinity Fabrication, L.L.C. Plaintiff, Rene Soto, opposes the motion. The motion, originally set for hearing on October 13, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the **Motion for Summary Judgment (Rec. Doc. 14)** is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

This lawsuit concerns personal injuries sustained by Plaintiff, Rene Soto ("Plaintiff"), when traversing across a gangway connected between a dock and a barge. Plaintiff was employed as a crew member by Dawn Services on the M/V COASTAL DAWN, a vessel owned by Dawn Services. (Pl.'s Mem. Opp'n to Def.'s Mot. Summ. J. 1.) Dawn Services hired Defendant, Trinity Fabrication, L.L.C. ("Defendant"), to perform repairs on one of its barges. (*Id.*) On September 1, 2008, Plaintiff arrived at Defendant's shipyard in Berwick, Louisiana to board the M/V COASTAL DAWN. (*Id.*) The M/V COASTAL DAWN was moored alongside Dawn Services's barge that was undergoing repairs. (*Id.*) In order to access the M/V COASTAL DAWN, Plaintiff had to board the barge and then cross over from the barge to the M/V COASTAL DAWN. (*Id.*) A gangway, belonging to Defendant, provided access from Defendant's dock to the barge. (*Id.*) The gangway was constructed out of metal and contained a hole that was about one and one half to two feet long and

one and one half to two feet wide.  (Soto Dep. 28:18-22, May 25, 2010.)  Plaintiff made one trip across the gangway to unload groceries and other items onto the M/V COASTAL DAWN.  (Soto Dep. 26:14-17.)  Plaintiff then crossed back over the gangway to reach the dock.  (Soto Dep. 26:19.)  Plaintiff proceeded to cross the gangway again to reach the M/V COASTAL DAWN while carrying a ladder.  (Soto Dep. 31:16-20.)  Plaintiff then slipped through the hole on the gangway and sustained injuries to his foot and back.  (Pl.'s Mem. Opp'n to Def.'s Mot. Summ. J. 1.)

Defendant alleges that prior to the incident Melvin Herbert, supervisor of Defendant's shipyard, told Dawn Services that its employees were not permitted to use Defendant's shipyard for crew changes, loading, unloading, boarding, or disembarking.  (Def.'s Mem. Supp. Mot. Summ. J. 3.)  Defendant further asserts that it did not authorize Dawn Services or Plaintiff to use its shipyard for loading or boarding the M/V COASTAL DAWN on the day of Plaintiff's injury.  (*Id.*)  In contrast, Plaintiff states that Defendant never prohibited Dawn Services or Plaintiff from crossing the gangway prior to the accident and that none of Defendant's employees stopped Plaintiff from using the gangway on the day of the accident.  (Pl.'s Mem. Opp'n to Def.'s Mot. Summ. J. 1.)  Plaintiff alleges that after the accident Defendant told Dawn Services that its employees no longer were allowed to use the shipyard for crew changes, unloading, offloading, and embarcation.  (*Id.* at 6.)

Plaintiff filed the instant suit against Defendant for (1) failure to exercise reasonable care in discovering unsafe conditions on the dock; (2) failure to warn Plaintiff of the dangerous gangway; (3) creating a dangerous condition on Defendant's premises; (4) failure to provide a safe and proper means of ingress to a vessel; and (5) other acts of negligence to be proven at trial.  (Compl. ¶ 4.)  Defendant filed the instant motion for summary judgment to dismiss all of Plaintiff's claims because

2

Defendant, as dock owner, contends that it owed no duty to Plaintiff under maritime law or state law in providing a means of access to the M/V COASTAL DAWN, or in the alternative, Defendant argues that the hole on the gangway posed an obvious danger for which Defendant is not liable. (Def.'s Mem. Supp. Mot. Summ. J. 3, 8.)  In contrast, Plaintiff argues that Defendant owed Plaintiff an affirmative duty to provide a reasonably safe dock and that Defendant breached its duty to Plaintiff by furnishing a defective gangway.  (Pl.'s Mem. Opp'n to Def.'s Mot. Summ. J. 4.)

## II. STANDARD OF REVIEW

Summary Judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.* (citing *Anderson*, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  *Id.* (citing Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.  *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

## III. DISCUSSION

The parties disagree over whether Defendant, as dock owner, owed a duty to Plaintiff under

maritime law and state law.  Whether or not Defendant owes Plaintiff a duty is a question of law. *Chavez v. Noble Drilling Corp.*, 567 F.2d, 287, 289 (5th Cir. 1978).

### A. Plaintiff's Claims under Maritime Law

"It is well-established that maritime law encompasses the gangway." *Florida Fuels, Inc., v. Citgo Petroleum Corp.*, 6 F.3d 330, 332 (5th Cir. 1993).  Nonetheless, "[a]bsent a maritime status between the parties, a dock owner's duty to crew members of a vessel using the dock is defined by the application of state law, not maritime law." *Id.*  Here, there is no maritime status between Defendant and Plaintiff because Defendant is a dock owner.  Plaintiff does not dispute that there is no maritime status between the parties.  Therefore, Defendant's motion for summary judgment is granted to the extent that Plaintiff has no cause of action against Defendant under maritime law.  As a result, Defendant's duty to Plaintiff must be evaluated under Louisiana state law.

### B. Plaintiff's Claims under State Law

Defendant argues that it owed no duty to Plaintiff under Louisiana law because the vessel owner is the party obligated with providing its crew members with a reasonably safe means for boarding and departing the vessel.  Alternatively, Defendant asserts that it owed no duty to Plaintiff under Louisiana law because Plaintiff was aware that the hole on the gangway posed an open and obvious danger.  Each of Defendant's arguments will be addressed in turn.

#### *1. Dock Owner's Duty Under Louisiana Law*

Traditionally, a vessel owner is charged with the fundamental duty of supplying a reasonably safe passageway for crew members to board a vessel.  *Massey v. Williams-McWilliams, Inc.*, 414 F.2d 675, 679 (5th Cir. 1969).  Nevertheless, under Louisiana law, a dock owner owes invitees, including employees of vessels using the dock facility, a duty to provide a dock that is reasonably

safe. *Id.* at 333 (citing *Sons v. New Amsterdam Cas. Co.*, 186 So.2d 375, 376 (La. Ct. App. 4th Cir. 1966)). "The duty to provide a reasonably safe dock may encompass a duty to provide reasonably safe equipment, such as a reasonably safe gangway, when that equipment is furnished by the dock owner and/or under its control." *Landers v. Kevin Gros Offshore*, LLC, No. 08-1293, 2009 WL 5215971, at *4 (E.D. La. Dec. 29, 2009). In *Florida Fuels, Inc., v. Citgo Petroleum Corp.*, the Fifth Circuit held that a dock owner did not have a legal duty to provide a crew member with a reasonably safe passageway for boarding a vessel, but left open the question of whether a dock owner might owe a duty to a crew member if the dock owner furnished the gangway or had the gangway under its control. *Florida Fuels, Inc.*, 6 F.3d at 334; *see also Aguilar v. Bollinger Shipyards, Inc.*, No. 07-5652, 2008 WL 5054576, at *2 (E.D. La. Nov. 24, 2008) (Berrigan, J.) (recognizing that *Florida Fuels* left open the question of "whether such a duty would arise if the dock owner actively provides and installs such an access way").

Several cases have analyzed the scope of a dock owner's duty to provide a reasonably safe dock. In *Landers v. Kevin Gros Offshore, LLC*, Judge Lemmon of the Eastern District of Louisiana found that the plaintiff crew member stated a valid cause of action in negligence under Louisiana law against the defendant dock owner for using a defective gangway even though the defendant argued that the vessel owner was responsible for the gangway. *Landers v. Kevin Gros Offshore, LLC*, No.08-1293, 2009 WL 5215971, at *4-5 (E.D. La. Dec. 29, 2009) (Lemmon, J.) (dismissed on other grounds). The court noted that the defendant's employees were responsible for placing the gangway between the vessel and the dock. *Id.* at 1. Similarly, in *Aguilar v. Bollinger*, Judge Berrigan of the Eastern District of Louisiana declined to grant the defendant shipyard's motion for summary judgment when a vessel repairman, hired by the vessel owner, was struck by a beam

operated by the defendant. *Aguilar*, 2008 WL 5054576, at *2. The court reasoned that this case was distinguishable from *Florida Fuels* because the defendant dock owner actively participated in causing the danger that injured the plaintiff repairman given that the defendant owned the crane carrying the beam and the crane was operated by the defendant's employees. *Id.* As a result, the court concluded that the defendant shipyard's duty to furnish a reasonably safe dock encompassed a duty to provide reasonably safe equipment. *See id.* Likewise, in *Broussard v. Great Creation Shipping Ltd.*, Judge Duval of the Eastern District of Louisiana held that questions of material fact existed as to whether the defendant dock owner provided a reasonably safe dock when the plaintiff security guard fell from a gangway onto a stack of plywood owned by the defendant. *Broussard v. Great Creation Shipping Ltd.*, No. 03-2171, 2004 WL 2998586, at *2 (E.D. La. Dec. 22, 2004) (Duval, J.). The court indicated that the defendant dock owner's duty to provide a reasonably safe dock included a duty to provide a safe gangplank because the defendant allegedly determined how the gangplank was deployed. *See id.* In contrast, in *Daniels v. Florida Power & Light Co.*, the Fifth Circuit affirmed the district court's finding that the defendant dock owner was not negligent in failing to provide a safe ladder for the plaintiff to access the barge given that the ladder was put in use by barge employees and not by the defendant. *Daniels v. Florida Power & Light Co.*, 317 F.2d 41, 42-43 (5th Cir. 1963).

In accord with *Massey* and *Florida Fuels*, Defendant did not have a duty to provide Plaintiff with a means of ingress and egress from the dock to the barge. Defendant, however, owed Plaintiff a duty to provide a dock that was reasonably safe.[1] Under *Landers,* Defendant's duty to provide a

---

[1] Even though Defendant argues that the alleged purpose of the gangway was to provide Defendant's workers with access to repair the barge, this purpose does not displace Defendant's duty to provide a reasonably safe dock for crew members. *See Florida Fuels, Inc.*, 6 F.3d at 333

reasonably safe dock encompassed a duty to provide a reasonably safe gangway because Defendant furnished the gangway that allegedly injured Plaintiff and exercised control over the gangway. Like in *Landers* and *Broussard*, but unlike in *Daniels*, Defendant's employees were responsible for placing the gangway between the barge and the dock because they were performing repairs on the barge.[2] Contrary to *Florida Fuels*, Defendant owned the gangway that allegedly caused Plaintiff's injuries. Additionally, under *Aguilar* sufficient facts exist to suggest that Defendant actively participated in causing the danger that injured Plaintiff given that Defendant owned the equipment that allegedly caused Plaintiff's injuries, and Defendant was responsible for deploying the equipment that allegedly caused Plaintiff's injuries. Defendant attempts to distinguish some of these cases by arguing that Plaintiff was not attempting to board the barge to which the gangway was attached, but was attempting to board the M/V COASTAL DAWN. (Def.'s Reply Mem. Supp. Mot. Summ. J. 5.) Nevertheless, Defendant's argument lacks merit because Plaintiff was attempting to board the barge to which the gangway was attached given that Plaintiff was required to board the barge in order to access the M/V COASTAL DAWN. Thus, Defendant's motion for summary judgment is denied to the extent that it asserts Defendant owed no legal duty to Plaintiff as dock owner.

### *2. Gangway as an Open & Obvious Danger*

Defendant alternatively moves for summary judgment on the grounds that it owed no duty to Plaintiff because Plaintiff was aware that the gangway was dangerous. Defendant argues that the hole in the gangway was an open and obvious condition, and therefore it had no duty to warn Plaintiff

---

(finding that a dock owner owes a duty to crew members using the dock facility to provide a dock that is reasonably safe).

[2] Defendant readily admits that it assembled the gangway so that its employees could access the barge to make repairs. (Def.'s Reply Supp. Mot. Summ. J. 5.)

7

of the gangway's condition or correct the condition.[3] (Def.'s Reply Mem. Supp. Mot. Summ. J. 4.) Defendant supports its position by referencing Plaintiff's subjective knowledge of the existence of the hole, stating that Plaintiff had seen the hole on the gangway on two prior occasions when crossing back and forth between the barge and the dock. (*Id.*) Nevertheless, Louisiana law holds that a plaintiff's subjective awareness of the risk is not relevant when analyzing the defendant's duty to those on his premises, even when there are apparent dangers present. *Murray v. Ramada Inns, Inc.*, 521 So.2d 1123, 1136 (La. 1988). Rather, the defendant's duty to persons entering his premises is governed by a standard of reasonableness. *Id.* In *Murray v. Ramada Inns, Inc.*, the Supreme Court of Louisiana found that "[t]he determination of what the plaintiff knew regarding the risk of injury is made after fault on the part of the defendant has been established, and is governed by comparative fault principles." *Id.*

Similarly, in *Bross v. Chevron*, Judge Doherty of the Western District of Louisiana rejected the defendant's argument that the hole on the cellar deck of an oil rig platform was an open and obvious danger, precluding the defendant's liability to the plaintiff. *Bross v. Chevron*, 649 F. Supp. 2d 517, 528 (W.D. La. 2009). The court found that the defendant erred in focusing its inquiry on the plaintiff's subjective knowledge of the platform's condition when the defendant should have focused its inquiry on whether the defendant acted reasonably vis-a-vis the plaintiff, or stated another way, "whether [the defendant] injured [the plaintiff] through the instrumentality of an unreasonably dangerous thing-a platform with open holes, damaged grating, and missing the handrails-that it owns." *Id.* The court concluded that there were genuine issues of material fact as to whether the

---

[3] Under Louisiana law, "a landowner owes a plaintiff a duty to discover any unreasonably dangerous conditions, and to either correct the condition or warn of its existence." *Socorro v. City of New Orleans*, 579 So.2d 931, 939 (La. 1991).

defendant acted reasonably regarding the condition of the platform. *Id.* Likewise in *Broussard*, Judge Duval found that genuine issues of material fact existed as to whether the defendant dock owner provided a reasonably safe docking facility even though the defendant argued that the plywood beneath the gangplank was an open and obvious danger. *Broussard*, 2004 WL 2998586, at *2. The court noted that the plaintiff may have been contributorily negligent given his awareness of the placement of the plywood, but the court determined that issues of material fact existed regarding how the gangplank was deployed, what the defendant's role was in deciding where the gangplank should be placed, and whether the plaintiff could have demanded that the gangplank be placed in a safer position. *Id.*

In accord with *Murray*, the initial question in this case is not whether Plaintiff knew about the condition of the gangway, but the question is whether Defendant acted reasonably vis-a-vis the Plaintiff, or stated another way, whether Defendant injured Plaintiff by means of an unreasonably dangerous thing, namely a gangway containing a hole in the middle. *Murray*, 521 So.2d at 1136*; see also Bross*, 649 F. Supp. 2d at 528 (determining that the court's focus is not on the plaintiff's subjective awareness of the risk, but rather whether the defendant breached the standard of care owed to the plaintiff). Whether Defendant acted unreasonably and breached its duty owed to Plaintiff, however, remains a question of fact to be determined at trial. *See Bursztajn v. United States of America*, 367 F.3d 485, 489 (5th Cir. 2004) (finding that breach of the duty is a question of fact); *see also Thielmier v. Louisiana Riverboat Gaming P'ship,* 31,739 (La. App. 2d Cir.03/31/99); 732 So.2d 620, 624 (noting that whether the defendant breached his duty is a question of fact). However, in *Pitre v. Louisiana Tech Univ.*, the Louisiana Supreme Court held that the obviousness and apparentness of a potentially dangerous condition are relevant factors to be considered by the trier

9

of fact under Louisiana's comparative fault scheme. *Pitre v. Louisiana Tech Univ.*, 1995-1466, 1995-1487, (La. 5/10/96); 673 So.2d 585, 591.

Like in *Bross* and *Broussard*, genuine issues of material fact exist as to whether Defendant breached its duty to Plaintiff to provide a reasonably safe dock. As in *Broussard*, issues of fact exist regarding how the gangway was deployed, how secure the gangway was, whether the gangway was the only means of access onto the M/V COASTAL DAWN, whether Plaintiff was forbidden from accessing the vessel from Defendant's dock, and whether a person exercising reasonable care would fall into the hole. But, at trial, the trier of fact may consider Plaintiff's knowledge regarding the risk of injury in assessing comparative fault should the trier of fact determine that Defendant acted unreasonably vis-a-vis the Plaintiff. *See Pitre*, 673 So.2d at 591; *Murray*, 521 So.2d at 1136. Nonetheless, the allegedly open and obvious condition of the hole on the gangway does not bar Plaintiff's recovery at this juncture when there are genuine issues of material fact concerning whether Defendant breached its duty to Plaintiff to provide a reasonably safe dock. Therefore, Defendant's motion for summary judgment is denied on grounds that it owed no duty to Plaintiff based on Plaintiff's subjective awareness of the condition of the gangway.

### IV. Conclusion

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 14)** filed by Defendant, Trinity Fabrication, L.L.C. is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff Rene Soto's maritime claims against Defendant are **DISMISSED WITH PREJUDICE**.  Defendant's motion for summary judgment on Plaintiff's state law claims is **DENIED**.

This 20th day of October, 2010.

```
_____
        JAY C. ZAINEY
   UNITED STATES DISTRICT JUDGE
```